## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | | |
|---|---|---|
| **CHARLOTTE K. BURNETTE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:10-00860** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### M E M O R A N D U M   O P I N I O N

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 40 - 433, 1381-1383f. Both parties have consented in writing to a decision by the United States Magistrate Judge. (Document Nos. 3 and 4.) Neither party has filed briefs in the matter.

The Plaintiff, Charlotte K. Burnette (hereinafter referred to as "Claimant"), filed applications for DIB and SSI on March 16, 2007 (protective filing date), alleging disability as of November 1, 2006, due to emphysema, depression, fatigue, generalized weakness, and lower back pain and stiffness. (Tr. at 10, 126-28, 129-33, 147, 151.) The claims were denied initially and upon reconsideration. (Tr. at 76-78, 81-83, 87-89, 90-92.) On November 8, 2007, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 95.) The hearing was held on September 11, 2008, before the Honorable Steven A. DeMonbreum. (Tr. at 22-71.) By decision dated October 16, 2008, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 10-20.) The ALJ's decision became the final decision of the Commissioner on April 23, 2010, when the Appeals Council

denied Claimant's request for review. (Tr. at 1-3.) On June 22, 2010, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (Document No. 1.)

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2008). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.

2

20 C.F.R. §§ 404.1520(f), 416.920(f) (2008). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she had not engaged in substantial gainful activity since the alleged onset date, November 1, 2006. (Tr. at 12, Finding No. 2.) Under the second inquiry, the ALJ found that Claimant suffered from "chronic obstructive pulmonary disease/emphysema; fibromyalgia; and obesity," which were severe impairments. (Tr. at 12, Finding No. 3.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 13, Finding No. 4.) The ALJ then found that Claimant had a residual functional capacity for work at the light level of exertion, as follows:

> [T]he [C]laimant has the residual functional capacity to perform a range of light exertional work as defined in 20 CFR 404.1567(b) and 416.967(b). Claimant can lift/carry 20 pounds occasionally and 10 pounds frequently, stand/walk for 6 hours out of 8, and sit for 6 hours out of 8. Claimant is limited to tasks requiring no more than occasional climbing, balancing, stooping, kneeling, crouching and crawling. She must avoid concentrated exposure to extremes of temperature, wetness, humidity, and hazards/hazardous machinery, and she cannot have any exposure to fumes, odors, dusts, gases, poor ventilation, etc.

(Tr. at 15, Finding No. 5.) At step four, the ALJ found that Claimant could return to her past relevant work as a cashier. (Tr. at 18, Finding No. 6.) On the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, the ALJ also concluded that Claimant could perform jobs such as a counter clerk, desk clerk, and customer service clerk, at the light level of exertion. (Tr. at 19, Finding No. 10.) On these bases, benefits were denied. (Tr. at 20, Finding No. 11.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

<u>Blalock v. Richardson</u>, 483 F.2d 773, 776 (4th Cir. 1972) (quoting <u>Laws v. Celebrezze</u>, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." <u>Oppenheim v. Finch</u>, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was born on January 25, 1955, and was 53 years old at the time of the administrative hearing, September 11, 2008. (Tr. at 19, 27, 126, 129, 147.) Claimant obtained her Generalized Equivalency Diploma, took one year of college level courses, and was able to communicate in English. (Tr. at 19, 27-28, 150, 156) In the past, she worked as a security guard, cashier, fire inspector, and operations manager. (Tr. at 18, 29-31, 59, 158-69.)

Claimant's Challenges to the Commissioner's Decision

Neither the Commissioner nor the Claimant filed briefs in this matter. However, the Court

has reviewed the entire record, as well as Claimant's Request for Review and accompanying documents submitted to the Appeals Council, which raise no specific issues. (Tr. at 4-6.) In the Request for Review, Claimant merely asserts: "The Administrative Law Judge's decision is not supported by substantial evidence." (Tr. at 4.) Claimant failed to assert specifically the manner in which the ALJ's decision was not supported substantial evidence.

A review of the record reveals that the decision of the Commissioner is supported by substantial evidence. The ALJ thoroughly reviewed all of the medical evidence of record and considered the testimony of Claimant. (Tr. at 12-18.) The ALJ also complied with the applicable Regulations and case law in determining that Claimant did not have an impairment or combination of impairments that met or medically equaled a listed impairment, that Claimant was not entirely credible regarding the severity of her pain and other symptoms, and that Claimant was limited to light work and could perform her past relevant work as a cashier, as well as a significant number of jobs in the national economy despite her severe impairments. Therefore, after careful consideration of the evidence of record, the Court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, by Judgment Order entered this day, the final decision of the Commissioner is **AFFIRMED** and this matter is **DISMISSED** from the Court's docket.

The Clerk of the Court is directed to file this Memorandum Opinion and send copies of the same to counsel of record.

ENTER: September 29, 2011.

R. Clarke VanDervort
United States Magistrate Judge